# United States Court of Appeals
## For the First Circuit

No. 17-1589

ERIC BLATTMAN, individually and as an assignee of
certain former members of E2.0 LLC,

Plaintiff - Appellant,

v.

THOMAS SCARAMELLINO,

Respondent - Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

John Marcus McNichols, with whom Williams & Connolly LLP,
Christopher E. Hart, Daniel L. McFadden and Foley Hoag LLP were on
brief, for appellant.
Adam S. Cashman, with whom David S. Godkin and Birnbaum &
Godkin, LLP were on brief, for appellee.

May 17, 2018

BARRON, **Circuit Judge**. This appeal arises out of a civil action brought in federal court in Delaware concerning a corporate merger between Efficiency 2.0 LLC ("E2.0") and C3, Inc. (the "Delaware Action"). See Eric Blattman v. Thomas Seibel, C.A. No. 15-cv-00530-GMS (D.Del). As part of the Delaware Action, Eric Blattman ("Blattman"), attempted to depose Thomas Scaramellino ("Scaramellino"), the founder of E2.0, in Massachusetts, where Scaramellino resides.

At the deposition, Scaramellino refused to answer questions about certain documents by asserting attorney-client privilege and work-product protection.[1] Thereafter, on May 10, 2017, Blattman filed a motion in the District of Massachusetts to compel Scaramellino to respond to questions regarding those documents. The District Court rejected Scaramellino's assertion of attorney-client privilege but denied Blattman's motion to compel nonetheless. The District Court did so based on

---

[1] For precision, we will use the term "work-product protection," because "[a]lthough some writers refer to a work-product 'privilege,'" Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1417 n.1 (3d Cir. 1991), the protection "encompasses both a limited immunity from discovery and a qualified evidentiary privilege," id. See generally Sherman L. Cohn, The Work Product Doctrine: Protection, Not Privilege, 71 Geo.L.J. 917 (1983).

Scaramellino's assertion of the work-product protection.  Blattman then brought this appeal, and we now reverse.[2]

## I.

Because "all parties indicate, at least implicitly, that federal law controls," we apply the federal common law of privilege.  See Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 23 (1st Cir. 2011).  "Questions of law are reviewed de novo, findings of fact for clear error, and evidentiary determinations for abuse of discretion."  Id.

We first address Scaramellino's argument that, even if we set the District Court's work-product protection ruling to one side, we may affirm the District Court's order denying Blattman's motion to compel because the District Court erred in rejecting Scaramellino's assertion of the attorney-client privilege. Because we reject that argument, we must address Blattman's contention that the District Court erred in denying the motion to compel based on Scaramellino's assertion of the work-product protection.

## A.

The attorney-client privilege, which is "narrowly construed," "safeguard[s] communications between attorney and

---

[2] Parts of the record before us are under seal.  Sealed materials have been fully considered even if not set out in detail in this opinion.

client," but "protects 'only those communications that are confidential and are made for the purpose of seeking or receiving legal advice.'" Id. at 23-24 (quoting In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003)). "That protection ceases, or is often said to be 'waived,' when otherwise privileged communications are disclosed to a third party." Id. at 24 (quoting United States v. Mass. Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997)).

In rejecting Scaramellino's assertion of the attorney-client privilege in his opposition to Blattman's motion to compel, the District Court ruled that Scaramellino waived any such privilege because he shared the documents at issue with Blattman. Scaramellino argues in response that "the disclosure of th[e]se documents to . . . Blattman d[id] not waive any applicable privilege" because he and Blattman were co-clients and shared areas of "common interest" at the time that the documents at issue were prepared.

The District Court made no finding, however, that Scaramellino and Blattman were co-clients or that they enjoyed a "common interest" privilege.[3] The record certainly does not compel

---

[3] In fact, the District Court made no express finding regarding the existence of an attorney-client privilege that Scaramellino would be entitled to assert but for waiver, and we note that at most it appears the District Court only concluded that even if an attorney-client privilege attached (i.e., the District Court

the conclusion that such a relationship or "common interest" existed.[4] For example, the record shows that Scaramellino did not sign an engagement letter with Blattman's lawyers, that Scaramellino had released claims against the Delaware Action defendants that Blattman was considering pursuing, and that Scaramellino had affirmatively disclaimed any interest in pursuing litigation. We thus find no error in the District Court's attorney-client privilege ruling.

**B.**

We turn, then, to Blattman's challenge to the District Court's ruling denying his motion to compel based on Scaramellino's asserted reliance on work-product protection. This protection encompasses "work done by an attorney in anticipation of . . . litigation from disclosure to the opposing party." In re Grand Jury Subpoena (Custodian of Records, Newparent, Inc.), 274 F.3d 563, 574 (1st Cir. 2001).

---

simply assumed without deciding there was a privilege) it was waived.

[4] "Co-client representations must . . . be distinguished from situations in which a lawyer represents a single client, but another person with allied interests cooperates with the client and the client's lawyer." See Restatement (Third) of the Law Governing Lawyers § 75 cmt. c (2000). But, even if we assume that the record could supportably establish that Scaramellino was also represented by Blattman's lawyers, "clients of the same lawyer who share a common interest are not necessarily co-clients," as they may "have merely entered concurrent but separate representations." See id. § 75.

Depending on the circumstances, a document can contain attorney work product, and thus fall within the protection, even though a person other than an attorney, such as the attorney's client or agent, drafts the document. See Fed. R. Civ. P. 26, see also United States v. Deloitte LLP, 610 F.3d 129, 136 (D.C. Cir. 2010) (explaining that the fact that a non-attorney created a document "does not exclude the possibility" that the document contains the "thoughts and opinions of counsel [of the party asserting the protection,] developed in anticipation of litigation," and is, therefore, potentially protectable as work-product).  Moreover, disclosure of work-product to a third-party does not necessarily waive the protection; "only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection."  Mass. Inst. of Tech., 129 F.3d at 687 (internal quotation marks omitted).

In defending this part of the District Court's ruling on appeal, Scaramellino does not dispute the correctness of the District Court's factual finding that Scaramellino created the documents at issue to assist Blattman in preparing Blattman's litigation strategy, a finding that would appear to undermine Scaramellino's assertion of the work-product protection.  See 4 James Wm. Moore, et al., Moore's Federal Practice ¶ 26.15[2] at 26-303 (2d. ed. 1994) (explaining that "[w]here a party seeks work product material from his own attorney or agent . . . the [work-

- 6 -

product] doctrine is inapplicable"). He also does not contend that, if that finding accurately describes his motivation in preparing the documents at issue, the District Court's ruling that he may assert work-product protection to defeat Blattman's motion to compel is correct.

Instead, Scaramellino contends that the District Court's ruling may be sustained because its express finding about his motivation in creating the documents was only a partial one. Specifically, Scaramellino contends that, in denying Blattman's motion to compel on the basis of the work-product protection, the District Court "implicitly incorporated" a further finding regarding his motivation in preparing the documents at issue. According to Scaramellino, that further implicit finding was that he had prepared the documents for attorneys he shared with Blattman, so that those attorneys could provide legal advice concerning potential claims held not only by Blattman, but also by Scaramellino himself and by E2.0 investors that Scaramellino alleges that he represented. Thus, it is on the basis of his positing of that implicit finding that he contends that the District Court correctly ruled that he was entitled to assert the work-product protection to defeat Blattman's motion to compel.

Scaramellino points to no authority, however, to support his contention that such a finding, if made and supportable, would provide a basis for affirming the District Court's ruling as to

- 7 -

work-product protection.  But see In re Grand Jury Subpoena, 274 F.3d at 574 (concluding that where a party seeking to assert work-product protection -- e.g., Scaramellino -- "effectively concede[s] that the work was performed, at least in part, for [a party seeking to waive the protection]," waiver by the party seeking to waive the protection -- e.g., Blattman -- "negates . . . [the] potential claim of [protection]" of the party seeking to assert work-product protection).  Moreover, even if we were to assume that Scaramellino is correct about the legal significance of the District Court having made the implied finding that Scaramellino posits, he confronts a different and even more fundamental problem:  We do not read the District Court's decision to rest on the incorporation of such a finding.

In arguing that we should read such a finding into the District Court's opinion, Scaramellino relies on United States v. Tibolt, 72 F.3d 965, 969-70 (1st Cir. 1995).  But, there we considered whether we should discern an implicit finding in a motion to suppress "[w]here . . . there [we]re no explicit factual findings."  72 F.3d at 969.  Here, by contrast, the District Court made an explicit factual finding regarding the very point in dispute -- Scaramellino's motivation behind the creation of the documents at issue.  Thus, Scaramellino asks us to do something quite different from what was done in Tibolt.  He asks us, in effect, to substitute for the District Court's sole express finding

- 8 -

as to Scaramellino's motivation a finding that the District Court never saw fit to announce. The record certainly does not compel that finding. If anything, it suggests otherwise, as Scaramellino himself testified, for example, that, in drafting the documents at issue, he was serving as a "law clerk" for Blattman in order to assist Blattman with his anticipated litigation. And so, given what the record shows regarding Scaramellino's motivation, we decline to do what Scaramellino asks.

Scaramellino advances no other ground for affirming the District Court's work-product protection ruling. Nor have we identified any of our own. We thus conclude that the District Court erred in denying Blattman's motion to compel on the basis of the work-product protection.

## II.

The District Court's order denying the motion to compel is **reversed**. Each party shall bear their own fees and costs.