JUSTICE HOOD, specially concurring.
¶ 41 I agree with the majority's opinion, and therefore I join it in full. I do so reluctantly, however, because I worry about the chilling effect the court's opinion today might have on some attorneys or parties who legitimately perceive a need to have third parties present at an initial consultation. They will now almost certainly refrain from inviting people like Kayla Fox's parents for fear that a court might later deem their presence at the consultation to have been objectively unnecessary to facilitate communication between the lawyer and prospective client. After all, privilege could be forfeited even when that prospective client is a loved one thirty-five days out from a stroke that might have caused brain damage. Most significantly, I worry about the potential for adversaries to obtain the mental impressions of counsel, however incipient they may be, if a third party was present for the consultation. So, what source of meaningful protection, if any, might someone like Kayla Fox have after our opinion today?
¶ 42 The work product doctrine strikes me as the most logical refuge for parties on facts like these. Unfortunately for Ms. Fox, invocation of that doctrine came too late. (Of course, disclosure in this instance might not matter much. While no judicial officer has listened to the tape, some of what occurred during the initial consultation has already been revealed, without objection or calamity, during depositions.) Still, it's worth emphasizing that a recording of, or notes about, an initial consultation would typically constitute (1) "tangible things," (2) "prepared in anticipation of litigation," and (3) "by or for another party or by or for that other party's representative" and, thus, are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials ... and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." C.R.C.P. 26(b)(3) ; see generally 8 Charles Alan Wright et al., Federal Practice and Procedure § 2024 (3d ed. 2018) (identifying these elements of work product under the corresponding federal rule).
¶ 43 We have noted that a party "demonstrates substantial need by establishing that the material requested contains critical factual information necessary to prove the party's case." Cardenas v. Jerath , 180 P.3d 415, 422 (Colo. 2008). And "[a] party is unable without undue hardship to obtain the substantial equivalent of the materials by other means when the requested materials are not available by any other source." Id. So, the substantial need hurdle can offer the Kayla Foxes of the world some protection.
¶ 44 Perhaps more importantly, the work product doctrine further provides that certain materials prepared in anticipation of litigation or for trial may never be discovered: "[T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." C.R.C.P. 26(b)(3) ; Cardenas , 180 P.3d at 423. Therefore, on facts like those here, timely assertion of work product immunity should enable the party resisting discovery to seek redaction of an attorney's mental impressions.
¶ 45 And, unlike the attorney-client privilege, voluntary disclosure of information to third parties does not ordinarily constitute a waiver of exemption from discovery under the work product doctrine, unless such disclosure is to an adversary in the litigation. See, e.g., Blattman v. Scaramellino, 891 F.3d 1, 5 (1st Cir. 2018) ("[D]isclosure of work product to a third party does not necessarily waive the protection; 'only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection.' "
*605 (quoting United States v. Mass. Inst. of Tech. , 129 F.3d 681, 687 (1st Cir. 1997) )); United States v. Deloitte LLP , 610 F.3d 129, 140 (D.C. Cir. 2010) ("[D]isclosing work product to a third party can waive protection if 'such disclosure, under the circumstances, is inconsistent with the maintenance of secrecy from the disclosing party's adversary....' " (quoting Rockwell Int'l Corp. v. U.S. Dep't of Justice , 235 F.3d 598, 605 (D.C. Cir. 2001) )); Wright, supra , § 2024 (noting that this is the majority rule because privilege is based on the confidential nature of the communication, which arguably vanishes if the evidence is revealed to any third party, while work product immunity protects the evidence from discovery by an opponent and concluding that cases to the contrary simply conflate work product immunity and attorney-client privilege); cf. 23 Sheila K. Hyatt, Colorado Practice Series , Evidence Law § 501:4 (2018) ("The work product doctrine ... is not so much a privilege as it is an exemption for material prepared by or for the attorney of a party in anticipation of litigation. Its purpose is to protect the attorney's privacy in the course of preparing a case for trial. It does not necessarily involve confidential communications.").
¶ 46 Work product materials enjoy a qualified immunity from discovery because "the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to the orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production." Nat'l Farmers Union Prop. & Cas. Co. v. Dist. Court, 718 P.2d 1044, 1047 (Colo. 1986) (quoting Hickman v. Taylor , 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ). Respondents overcame that burden here, perhaps primarily because of a procedural quirk. But the work product doctrine should still provide meaningful protection in other cases.
¶ 47 With these thoughts in mind, I respectfully concur.